1 | Robert F. McCauley (SBN 162056)
  |   RMcCauley@perkinscoie.com
2 | Arpita Bhattacharyya (SBN 316454)
  |   ABhattacharyya@perkinscoie.com
3 | **Perkins Coie LLP**
  | 3150 Porter Drive
4 | Palo Alto, California 94304
  | Telephone: 650.838.4300
5 | Facsimile: 650.838.4350

6 | *Attorneys for Defendant*
  | *Eoptolink Technology USA Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| APPLIED OPTOELECTRONICS, INC., | CASE NO. 5:24-cv-08165-NW |
|---|---|
| Plaintiff, | **DEFENDANT EOPTOLINK TECHNOLOGY USA INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF APPLIED OPTOELECTRONICS, INC.'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)** |
| v. | |
| EOPTOLINK TECHNOLOGY USA INC., | |
| Defendant. | |
| | Date:     April 30, 2025 |
| | Time:     9:00 AM |
| | Location: Courtroom 3, 5th Floor |
| | Judge:    Hon. Noël Wise |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 30, 2025, at 9 AM in Courtroom 3, located on the 5th Floor of the above-entitled court at 280 1st Street, San Jose, California, or as soon thereafter as the matter may be heard before Honorable Noël Wise, Defendant Eoptolink Technology USA Inc. ("Eoptolink") will and hereby does move to dismiss portions of Plaintiff Applied Optoelectronics, Inc.'s ("AOI") First Amended Complaint (ECF No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Bhattacharyya Declaration and Exhibit thereto, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 1

    A. Asserted Patents ................................................................................................... 1

    B. Accused Products ................................................................................................. 2

    C. Infringement Allegations ..................................................................................... 2

    D. Damages Allegation ............................................................................................. 3

    E. Substantive Differences Between the Original Complaint and the FAC ............. 3

III. LEGAL STANDARD FOR MOTION TO DISMISS ..................................................... 3

IV. ARGUMENT ................................................................................................................... 4

    A. AOI's Infringement Claims for Non-Charted Accused Products Are Deficient and Should Be Dismissed .................................................................. 4

    B. AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead Compliance with the Marking Statute ................................................................. 5

    C. AOI Should Not be Allowed to Reassert Infringement Under DOE and Indirect Infringement Under 35 U.S.C. § 271(b) and (c) in this Action ................ 7

V. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Altair Logix LLC v. Asus Comput. Int'l*,
    No. 18-cv-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019) ................................. 6, 7

*Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) ................................................................................................ 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................ 3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*Dunlap v. Schofield*,
    152 U.S. 244 (1894) ................................................................................................................ 6

*Express Mobile, Inc. v. Liquid Web, LLC*,
    Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ........................................................................................................................... 6, 7

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
    677 F. Supp. 3d 1079 (N.D. Cal. 2023) ................................................................................... 5

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996) ................................................................................................. 6

*Novitaz, Inc. v. inMarket Media, LLC*,
    No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) .................................... 5

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
    No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) .................................... 7

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
    No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022) ..................................................... 7

*Valjakka v. Netflix Inc.*,
    No. 22-cv-01490-JST, 2022 WL 19975412 (N.D. Cal. Oct. 11, 2022) ............................... 3, 4

**STATUTES**

35 U.S.C. § 271(a) ................................................................................................................. 2, 3, 8

35 U.S.C. § 271(b) .................................................................................................................... 3, 8

35 U.S.C. § 271(c) .................................................................................................................... 3, 8

35 U.S.C. § 287(a) ..................................................................................................................1, 6

**RULES**

Fed. R. Civ. P. 8(a)(2)......................................................................................................................3

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

## I. INTRODUCTION

Plaintiff AOI's allegations of infringement and damages are legally and factually deficient and warrant partial dismissal. First, Plaintiff AOI does not plausibly plead direct infringement by all of Defendant Eoptolink's products that AOI has accused of infringement. For each of the six asserted patents, the First Amended Complaint ("FAC") accuses eight <u>distinct</u> Eoptolink products of infringement, but the claim charts attached to the FAC present/map infringement allegations for only a subset of products for each asserted patent. The FAC also does not provide any factual basis or details explaining why the charted products are supposedly representative of other accused but non-charted products. Plaintiff has thus failed to adequately allege infringement for the products not charted/mapped in the claim charts attached to the FAC, and therefore AOI's infringement allegations for the non-charted products should be dismissed. Stated differently, for each cause of action, AOI's infringement claims for all accused products, <u>except</u> the charted exemplary product(s), should be dismissed for failure to adequately plead infringement by the non-charted products.

Second, the FAC does not allege that Plaintiff AOI gave actual notice of infringement to Eoptolink before filing the original Complaint, nor does AOI plead compliance with the marking statute, 35 U.S.C. § 287(a), either of which is required to claim pre-suit damages. Accordingly, AOI's claims of pre-suit damages should also be dismissed.

## II. STATEMENT OF FACTS

### A. Asserted Patents

AOI filed its original Complaint for patent infringement against Eoptolink on November 19, 2024, alleging infringement of six patents: U.S. Patent No. 9,448,367 (the "'367 Patent"); U.S. Patent No. 9,509,433 (the "'433 Patent"); U.S. Patent No. 10,230,470 (the "'470 Patent"); U.S. Patent No. 10,578,818 (the "'818 Patent"); U.S. Patent No. 10,714,890 (the "'890 Patent"); U.S. Patent No. 11,177,887 (the "'887 Patent") (collectively, the "Asserted Patents"). ECF No. 1 (Complaint), ¶ 4. On February 24, 2025, Eoptolink filed a motion to dismiss portions of the Complaint under Rule 12(b)(6). ECF No. 14. In response, AOI filed the FAC on March 7, 2025. ECF No. 16. The FAC alleged infringement of the same Asserted Patents by the same accused products as the original Complaint. *Id.*, ¶¶ 4. 18. The FAC does not claim that Eoptolink was notified of the Asserted Patents or of

infringement by any Eoptolink product prior to the filing of the original Complaint, but states that Eoptolink "has knowledge and notice of" the Asserted Patents and their infringement "since the filing of the original complaint in this action." *See, e.g., id.*, ¶¶ 26, 35, 44, 53, 62, 71.

### B. Accused Products

AOI's FAC alleges that Eoptolink's <u>five 100G</u> transceiver modules (two 100G QSFP LR4,[1] one 100G QSFP DR1+, and two 100G CWDM4), and <u>three 400G</u> transceiver modules (400G QSFP-DD LR4, 400G QSFP-DD FR4, and 400G QSFP-DD DR4) (collectively, the "Accused Products") infringe the six Asserted Patents. ECF No. 16, ¶ 18. AOI further alleges that Eoptolink "engag[es] in acts constituting infringement under 35 U.S.C. § 271(a), including without limitation by making, using, selling and/or offering for sale in and/or importing into the United States without authority one or more Accused Products that infringe one or more claims of the Asserted Patents." *Id.*, ¶ 19.

### C. Infringement Allegations

Each of AOI's six causes of action asserts infringement of one of the Asserted Patents. Each cause of action alleges that at least one claim of the patent is directly infringed by the Accused Products. ECF No. 16, ¶¶ 23, 32, 41, 50, 59, 68. Exhibits G-AA of the FAC provide representative claim charts that purportedly "identify on a limitation-by-limitation basis" where each limitation of the representative claims is found within one of the exemplary products. *Id.*, ¶¶24, 33, 42, 51, 60, 69; *see also id.*, Exs. G-AA. Specifically, the claim charts map claim 1 of the '367 Patent to the 100G CWDM4, 400G QSFP-DD FR4, and 400G QSFP-DD LR4 products. *See id.*, Exs. G, H, I. The claim charts similarly map claim 1 of the '433 Patent to the two 100G CWDM4 products (*id.*, Ex. J, K); claims 1, 10, and 17 of the '470 Patent to the two 100G QSFP LR4 products (*id.*, Exs. L, M); claims 1 and 10 of the '818 Patent to each of the eight Accused Products (*id.*, Exs. N-U); claim 1 of the '890 Patent to the two 100G QSFP LR4 products (*id.*, Exs. V, W); and claims 1 and 10 of the '887 Patent to three 400G products and the 100G QSFP DR1+ product (*id.*, Exs. X-AA).

---

[1] The FAC at ¶18 identifies one of the accused 100G products (QL97099330) as QSFP-DD LR4, but exhibit M identifies it as 100G QSFP LR4. *See also* ECF No. 16, ¶ 42. Hereinafter, this product is referred to as 100G QSFP LR4.

### D. Damages Allegation

As to damages, the FAC alleges that "[a]s a direct and proximate result of Eoptolink's infringement, AOI has suffered, and will continue to suffer, damage in an amount to be proved at trial." ECF No. 16, ¶¶ 27, 36, 45, 54, 63, 72. Although the FAC seems to be requesting pre-suit damages by using the language "AOI has suffered" damages due to alleged infringement by Eoptolink, meaning AOI may seek pre-suit damages, AOI does not plead pre-suit notice of infringement or compliance with the marking statute. *See id*.

### E. Substantive Differences Between the Original Complaint and the FAC

In the original Complaint, AOI alleged that the Asserted Patents were infringed both literally and under the doctrine of equivalents (DOE). ECF No. 1, ¶¶ 24, 33, 42, 51, 59, 67. Eoptolink moved to dismiss AOI's allegations of infringement under DOE because they were conclusory, legally incorrect, and failed to meet the plausibility standard. ECF No. 14, 9-10. Accordingly, the FAC does not include any allegation of DOE. *Compare* ECF No. 1, ¶¶ 24, 33, 42, 51, 59, 67, *with* ECF No. 16, ¶¶ 24, 33, 42, 51, 60, 69.

The original Complaint also broadly alleged infringement under § 271, which includes direct infringement under § 271(a) and indirect infringement under § 271(b) and (c). *See* ECF No. 1, ¶¶ 11, 19. Eoptolink moved to dismiss AOI's indirect infringement claims under 35 U.S.C. § 271(b) and (c) for failure to plead the requisite elements of induced or contributory infringement. ECF No. 14, 7-9. In contrast to the original Complaint, the FAC only alleges direct infringement under § 271(a). *See* ECF No. 16, ¶¶ 11, 19, 22, 31, 40, 49, 58, 67.

### III. LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face[]'." *Valjakka v. Netflix Inc.*, No. 22-cv-01490-JST, 2022 WL 19975412, at *1 (N.D. Cal. Oct. 11, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[F]acial plausibility turns on providing enough 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). Factual

1  allegations fail to meet the plausibility standard when they provide "[t]hreadbare recitals of the
2  elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When
3  a plaintiff makes such recitals and statements, courts are not bound to accept them as true. *Id.*

4  **IV.    ARGUMENT**

5  The following allegations in the FAC are legally and factually deficient and should be
6  dismissed: 1) for each cause of action, AOI's infringement claims for the Accused Products that have
7  not been charted/mapped to at least one claim of the patent asserted in that cause of action, and 2)
8  AOI's pre-suit damages claim.

9  **A.    AOI's Infringement Claims for Non-Charted Accused Products Are Deficient and Should Be Dismissed**

11  The FAC identifies one or more representative claims from each Asserted Patent and provides
12  claim charts mapping those representative claims to purported exemplary Accused Products. *See supra*
13  Section II.C. At the motion-to-dismiss stage, AOI's infringement mappings may be sufficient to draw
14  an inference that at least one claim of each Asserted Patent is practiced by the product that is actually
15  charted for that patent (although Eoptolink does not concede the accuracy or merits of those
16  infringement allegations). However, AOI alleges that all Accused Products infringe each of the
17  Asserted Patents, but the FAC does not provide sufficient facts to support this allegation for the non-
18  charted Accused Products. *See* ECF No. 21, ¶¶ 23, 32, 41, 50, 58, 67. Simply put, <u>nowhere does the
19  FAC identify which of the eight distinct Accused Products infringe each Asserted Patent</u>. And given
20  the differences between the Accused Products and no explanation of why an exemplary charted
21  product is representative of other Accused Products, the factual allegations about charted products
22  cannot be reasonably applied to all Accused Products.

23  Specifically, AOI accuses three different types of 100G transceiver modules: two 100G QSFP
24  LR4, one 100G QSFP DR1+, and two 100G CWDM4 products. *Id.* at ¶ 18. AOI also accuses three
25  different 400G QSFP-DD transceiver modules: LR4, FR4, and DR4. *Id.* These Accused Products are
26  distinct as evidenced by AOI's own virtual patent marking website, which identifies its own
27  corresponding transceiver products separately in different groupings. Bhattacharyya Decl., Ex. A, 2-5
28  (AOI's patent marking page listing AOI's QSFP and QSFP-DD products in different sets, and further

listing AOI's DR4 and FR4 products separately). Additionally, AOI's claim charts mapped all eight Accused Products for the '818 Patent, thus indicating that the eight accused Eoptolink products are different from each other. *See* ECF No. 16, Exs. N-U.

While it is correct that a patentee plaintiff is not required to provide infringement mappings for each accused product if it has properly pled sufficient facts to establish that the charted/mapped products are exemplary or representative of the other accused products, AOI has not done that. As such, AOI has not provided sufficient allegations for the Court to plausibly infer that all the Accused Products, which are indeed different categories of transceiver modules, meet at least one claim of each Asserted Patent. *See Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, 677 F. Supp. 3d 1079, 1084-85 (N.D. Cal. 2023) (finding that plaintiff's allegations about an exemplary "stocker" product is sufficient against other accused "stocker" products, but insufficient for the Court to plausibly infer that all accused "wafer handling system products" are infringed); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (although plaintiff made some factual allegations about the "CheckPoints application," the Court found that the plaintiff failed to state an infringement claim for other accused products because it did not "allege that [the other] products are similar to the 'CheckPoints application' or otherwise indicate that its factual allegations with respect to the 'CheckPoints application' also apply to these other products"). Here, as in *Kawasaki* and *Novitaz*, the FAC does not present factual allegations against any product other than the exemplary products charted for each patent, nor does the FAC allege facts sufficient to establish that the exemplary products represent other accused but uncharted products. Therefore, it cannot be plausibly inferred that all Accused Products infringe each Asserted Patent. *See Kawasaki*, 677 F. Supp. 3d at 1084-85; *Novitaz*, 2017 WL 2311407, at *4. Accordingly, for each cause of action related to an Asserted Patent, AOI's infringement claims for the Accused Products that have not been charted/mapped for that patent, should be dismissed.

### B.   AOI's Pre-Suit Damages Claim Should Be Dismissed for Failure to Plead Compliance with the Marking Statute

The federal patent marking statute, 35 U.S.C. § 287(a), provides a limitation on recoverable damages in patent litigation. The marking statute provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent …. <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.</u>

35 U.S.C. § 287(a) (emphasis added).

The marking statute has been interpreted to mean that "[i]f a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat Inc. v. Bombardier Rec. Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citations omitted). That is, if a patentee or licensee makes, sells, offers for sale, or imports products covered by a patent, they must provide constructive notice of the patent by marking the products to collect damages for alleged infringement occurring before the date of actual notice (given through filing of a complaint or a notice letter). *Id.*; *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Altair Logix LLC v. Asus Comput. Int'l*, No. 18-cv-04985-HSG, 2019 WL 1117535, at *2 (N.D. Cal. Mar. 11, 2019).

Moreover, it is the patentee's burden to <u>plead</u> and prove compliance with the marking statute. *Arctic Cat*, 876 F.3d at 1366; *Maxwell*, 86 F.3d at 1111 ("[T]he duty of alleging, and the burden of proving, either [actual notice or constructive notice] is upon the [patentee]." (alterations in original) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). Plaintiff has the burden to plead compliance with the marking statute even when there are no products to be marked. Indeed, many district courts have found that "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all," and has not required defendant to first show that patentee or a licensee practices the asserted patent. *Express Mobile, Inc. v. Liquid Web, LLC*, Nos. 1:18-cv-01177-RGA, -01181-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (dismissing claim for past damages for failure to plead compliance with the marking statute, despite plaintiff's assertion that there was "no evidence that there was anything for it to mark"); *accord Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex.

Nov. 1, 2023) (finding that plaintiff failed to state a claim for pre-suit damages because the complaint did not "plead compliance with the statute, via facts establishing it marked products or showing that no products needed to be marked"); *see also Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *2 (N.D. Ill. Jan. 18, 2022) ("[M]any federal courts have also recently interpreted Federal Circuit case law to require that a patentee plead compliance with § 287[(a)]." (collecting cases)).

Here, AOI does not plead that it provided Eoptolink with actual notice of infringement of the Asserted Patent before the filing of the original Complaint. Therefore, to collect pre-suit damages, AOI must plead compliance with the marking statute, which AOI has not done. Specifically, AOI cannot dispute that it makes, sells, offers for sale, or imports products that supposedly practice at least the asserted '367, '433, and '818 patents. ECF No. 16-3, 2-5 (AOI's virtual marking webpage (https://ao-inc.com/patents/) asserts that the '367, '433, and '818 patents cover one or more of AOI's products). Yet, the FAC does not plead that AOI's products (and possibly other licensee products) that practice the '367, '433, and '818 patents are marked in compliance with the marking statute. Therefore, AOI's pre-suit damages claim for at least the three causes of action related to the '367, '433, and '818 patents should be dismissed for failure to plead that patented products are marked pursuant to the marking statute. *See Altair*, 2019 WL 1117535, at *2-3. As to the causes of action related to the asserted '470, '887, and '890 patents, AOI's pre-suit damages claim for those three patents should also be dismissed for failure to plead compliance with the marking statute by establishing that there are no products (AOI's or licensees') to be marked. *Express Mobile*, 2019 WL 1596999, at *2; *Ortiz*, 2023 WL 7184042, at *3.

In sum, AOI's pre-suit damages claim for each of the six causes of action should be dismissed for failure to plead compliance with marking statute or to give actual notice of infringement prior to filing the original Complaint.

**C.    AOI Should Not be Allowed to Reassert Infringement Under DOE and Indirect Infringement Under 35 U.S.C. § 271(b) and (c) in this Action**

In Eoptolnk's first motion to dismiss filed on February 24, 2025, Eoptolink asserted that AOI's infringement allegations under DOE were legally and factually deficient and should be dismissed.

ECF No. 16, 9-10. In response, the FAC entirely eliminates all allegations of infringement under DOE. *See supra* Section II.E. AOI should not be allowed to reassert infringement under DOE in its infringement contentions or at any other juncture in this action because AOI has failed to plead DOE in the FAC.

Similarly, AOI's original Complaint broadly alleged indirect infringement under 35 U.S.C. § 271(b) and (c). *See* ECF No. 1, ¶¶ 11, 19. But as explained in Eoptolink's first motion to dismiss, AOI's purported allegations of induced infringement under § 271(b) and contributory infringement under § 271(c) in the original Complaint were deficient. ECF No. 14, 7-9. In response, the FAC deletes all allegations of pre- and post-suit indirect infringement under 35 U.S.C. § 271(b) and (c) and specifies that AOI is only alleging direct infringement under 35 U.S.C. § 271(a). *See supra* Section II.E. Accordingly, AOI should not be allowed to reassert either pre-suit or post-suit indirect infringement in its infringement contentions or at any point later in the case because AOI has failed to plead indirect infringement under § 271(b) and (c) in the FAC.

## V.  CONCLUSION

For at least the reasons stated above, the following claims in AOI's FAC—1) for each cause of action, the infringement claims for the Accused Products that have not been charted/mapped, and 2) pre-suit damages claim—should be dismissed for failure to plead facts sufficient to make these claims plausible.

Dated: March 21, 2025                             PERKINS COIE LLP

By: */s/ Arpita Bhattacharyya*
   Arpita Bhattacharyya
   *Attorneys for Defendant*
   *Eoptolink Technology USA Inc.*