Jo Dale Carothers, SBN 228703
jcarothers@weintraub.com
Eric A. Caligiuri, SBN 260442
ecaligiuri@weintraub.com
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION**
475 Sansome Street, Suite 510
San Francisco, CA 94111
Telephone: 415.433.1400
Facsimile: 415.433.3883

*Attorneys for Plaintiff
Applied Optoelectronics, Inc.*

Robert F. McCauley (SBN 162056)
RMcCauley@perkinscoie.com
Arpita Bhattacharyya (SBN 316454)
ABhattacharyya@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, California 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorneys for Defendant
Eoptolink Technology USA Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED OPTOELECTRONICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EOPTOLINK TECHNOLOGY USA INC.,<br><br>Defendant. | CASE NO. 5:24-cv-08165-NW<br><br>**JOINT ADMINISTRATIVE MOTION TO STAY PENDING IPR INSTITUTION DECISIONS** |

## I. INTRODUCTION

Plaintiff Applied Optoelectronics, Inc. ("AOI") and Defendant Eoptolink Technology USA, Inc. ("Eoptolink") hereby jointly move to stay this action pending institution decisions on four *inter partes* review (IPR) petitions recently filed by Eoptolink, as well as Eoptolink's intention to file two requests for *ex parte* reexamination on the remaining two patents asserted in this action, as explained below. The parties are submitting this as a joint administrative motion to bring this request to the Court's attention on an expedited basis given that claim construction exchanges and proceedings are beginning. The parties' joint request and proposed order tracks the provisions of the pre-institution stay in view of IPRs recently ordered by Judge Gilliam in a co-pending case, *Applied*

*Optoelectronics, Inc. v. Accelight Technologies, Inc.*, Case No.: 4:24-cv-09041-HSG, Dkt. 57 (Order staying action).

## II.  SUMMARY OF RELEVANT FACTS

In this action, AOI has asserted six patents against Eoptolink. Dkt. 16. Per the Court's Scheduling Order, the parties are due to exchange preliminary claim constructions and extrinsic evidence on December 19, 2025, file a Joint Claim Construction and Prehearing Statement and Expert Reports by January 13, 2026, and begin claim construction briefing in February 2026. Dkt. 40.

Beginning in October 2025, Eoptolink filed IPR petitions challenging the patentability of the asserted claims of four of the six patents asserted in this action, and Eoptolink further plans to file requests for *ex parte* reexamination against the remaining two patents that AOI has asserted in this action. More specifically:

On October 10, 2025, Eoptolink filed an IPR petition in IPR2026-00019 challenging the patentability the asserted claims of U.S. Patent No. 9,448,367 ("the '367 patent"). On November 5, 2025, Eoptolink filed an IPR petition in IPR2026-00094 challenging the asserted claims of U.S. Patent No. 10,578,818 ("the '818 patent). On November 25, 2025, Eoptolink filed an IPR petition in IPR2026-00122 challenging the asserted claims in U.S. Patent No. 10,714,890 ("the '890 patent"). And on December 1, 2025, Eoptolink filed an IPR in IPR2026-00123 challenging the asserted claims in U.S. Patent No. 11,177,887 ("the '887 patent"). As mentioned, Eoptolink also plans to file requests for *ex parte* reexamination of the other two patents that AOI has asserted in this action, U.S. Patent Nos. 9,509,433 ("the '433 Patent") and 10,230,470 ("the '470 Patent").

AOI has filed two similar patent infringement actions in this district, both of which have been stayed in view of pending IPR petitions. In *Applied Optoelectronics, Inc. v. Cambridge Industries USA, Inc.*, Case No. 3-24-cv-01010, Judge Donato stayed that case on April 4, 2025 in view of IPRs that Cambridge Industries USA ("Cambridge") had filed on some of the patents asserted in that case. *Id.*, Dkt. 41 (Order staying action). AOI's district court case against Cambridge remains stayed. In *Applied Optoelectronics, Inc. v. Accelight Technologies, Inc.*, Case No.: 4:24-cv-09041-HSG, Judge Gilliam stayed that case on October 9, 2025 in view of three IPR petitions filed on three of the

asserted patents and Accelight Technologies, Inc.'s ("Accelight") stated plans to file additional IPRs on two more of the asserted patents (which have since been filed). *Id.*, Dkt. 57 (Order staying action). AOI's district court case against Accelight also remains stayed.

This case is at an early stage. No interrogatories or document requests have been propounded by either party. And the claim construction process has not yet commenced.

## III.   ARGUMENT

The parties believe there is good cause and that it will serve the interests of judicial economy if the Court stays this case pending institution decisions on the above-referenced four IPR petitions recently filed by Eoptolink. As mentioned, the parties are due to exchange preliminary claim constructions and extrinsic evidence on December 19, 2025, file a Joint Claim Construction and Prehearing Statement and Expert Reports by January 13, 2026, and begin claim construction briefing in February 2026. Dkt. 40.

The Court has discretion to stay this action pending the PTAB's decisions to institute IPRs, as Judge Gilliam did in *Apple Inc. v. Alivecor, Inc.*, No. 22-cv-07608-HSG (N.D. Cal. Dec. 29, 2023), Dkt. 89. As Judge Gilliam wrote in the order staying that case:

> "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]." *Ethicon, Inc. v. Quiggin*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted); *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co.*, No. 15-cv-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). Courts consider three factors in determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2 (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). The moving party bears the burden of demonstrating that a stay is appropriate. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015).
>
> Courts in this district have often recognized "a liberal policy in favor of granting motions to stay" pending IPR. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–cv–02168–EJD, 2011. WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011); *IXI Mobile (R & D) Ltd.*, 2015 WL 7015415, at *2. Courts, however, must evaluate stay requests on a case-by-case basis. *See GoPro, Inc. v. C&A Marketing, Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *2 (N.D. Cal. June 15, 2017). Ultimately, whether to issue a stay is a matter of the Court's discretion.

*Apple*, No. 22-cv-07608-HSG, Dkt. 89. Judge Gilliam also recently granted a joint administrative motion to stay in view of IPR petitions (similar to this joint administrative motion) filed in *Applied Optoelectronics, Inc. v. Accelight Technologies, Inc.*, Case No.: 4:24-cv-09041-HSG, Dkt. 57 (Order granting parties' joint administrative motion and staying case).

The parties believe that all three factors support their jointly requested stay. As mentioned, this case is at an early stage. No interrogatories or document requests have been propounded and claim construction process has not yet started. IPRs may simplify the issues and/or trial, and as evidenced by this joint motion, neither party contends that it would be prejudiced by the requested stay. And as mentioned, the parties believe that a stay would further the interests of judicial economy.

## IV.   CONCLUSION

The parties respectfully request that the Court grant a stay pending the PTAB's institution decisions on the IPRs that Eoptolink has filed. This joint motion is accompanied by the parties' proposed order that tracks the stay order recently entered by Judge Gilliam in *Applied Optoelectronics, Inc. v. Accelight Technologies, Inc.*, Case No.: 4:24-cv-09041-HSG, Dkt. 57 (Order granting stay).

Respectfully submitted,

Dated: December 5, 2025                    PERKINS COIE LLP

By: */s/ Robert F. McCauley*
Robert F. McCauley

Attorneys for Defendant
Eoptolink Technology USA Inc.

Dated: December 5, 2025                    WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN

By: */s/ Jo Dale Carothers*
Jo Dale Carothers

Attorneys for Plaintiff
Applied Optoelectronics, Inc.

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Robert F. McCauley, attest that concurrence in the filing of this document has been obtained.

Dated: December 5, 2025                              */s/ Robert F. McCauley*
                                                                    Robert F. McCauley